UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAUL GOLDMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:25-cv-13813<br><br>Hon. _____ |

## **COMPLAINT**

Now comes Paul Goldman, CPA ("Plaintiff"), by and through his counsel, Varnum LLP, and for his Complaint against the United States of America, States as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 26 U.S.C. Code § 6694, for the recovery of tax preparer penalties erroneously and illegally assessed and collected by the Internal Revenue Service ("IRS"), plus statutory interest from the dates of payment.

### PARTIES, JURISDICTION, AND VENUE

2. Defendant is the United States of America, which at all relevant times acted by and through the IRS.

3. This Court has original jurisdiction over this civil action arising under the laws of the United States, including under 28 U.S.C. § 1346(a)(1) and IRC Section 7422.

4. Plaintiff has complied with the administrative claim requirements of the Internal Revenue Code for suits for refund and abatement of preparer penalties

5. Venue in this action is governed by 28 U.S.C. § 1402(a)(1) and is proper because Plaintiff resides in the Eastern District of Michigan.

6. Venue in this action is also governed by 28 U.S.C. § 1402(a)(2) because Plaintiff's principal place of business is in Southfield, Michigan, which is within the Eastern District of Michigan.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff incorporates by reference each preceding paragraph as if fully restated herein.

8. Plaintiff Paul Goldman, the tax return preparer in this case, is 69 years old. Plaintiff is a lifetime Michigander who grew up in Oak Park. Plaintiff graduated from Wayne State University in 1979 and began working in the accounting industry. Plaintiff then secured his licensure as a certified public accountant ("CPA") in 1981.

9. In 1983, Plaintiff opened a practice on Southfield Road with two other colleagues, founding Paul H. Goldman & Associates (the "Accounting Firm"),

which has a current business address of 29433 Southfield Rd., Southfield, MI 48076. Those two colleagues continue to practice with Plaintiff to this day.

10. Plaintiff's Accounting Firm processes approximately 500 tax returns every year, with approximately 80% of those returns being for individuals and the remaining 20% pertaining to businesses. As with most CPAs, Plaintiff's busy season starts at the beginning of February each year and stretches through April 15th. During this stretch, Plaintiff easily averages 10-to-12-hour workdays, which is necessary to keep up with the workload from his clients. Most of Plaintiff's clients have been with him for a long period of time.

11. In 2019 and 2020, the IRS audited personal and business tax returns of thirty (30) of Plaintiff's clients for tax years 2015 through 2018. Most of the audits were for tax years 2015 and 2016. As part of the audits, the IRS secured documentation from Plaintiff's clients and interviewed them. The audits focused largely on cash and non-cash contributions, and some business expenses. The auditors attempted to impose fraud penalties under Section 6663 to a number of the returns.

12. Fifteen of the audits against Plaintiff's clients resulted in an appeal to the IRS Appeals division. None of the IRS's Section 6663 civil fraud penalties were upheld by the IRS Appeals division.

13. Over two and a half years later, in 2024, the IRS decided to open a Preparer Action Case ("PAC") against Plaintiff for tax years 2015 through 2018. This related to the same returns, that upon appeal, the IRS determined were legitimate.

14. Like his clients before him, Plaintiff sought to contest these allegations through the IRS's informal appeals process. The IRS ultimately concluded that penalties under Section 6694(b) were warranted and proposed a penalty of $225,000. This was computed by taking 45 tax returns of Plaintiff's clients and multiplying this by the $5,000 per-return penalty under Section 6694(b).

15. The IRS proposes penalties under Section 6694(b) of the Code. However, because the IRS challenged certain items mentioned on Plaintiff's clients' returns, other regulations are also implicated, namely: (i) Treas. Reg. § 1.6694(b); (ii) Treas. Reg. § 1.6694-3(c)(1); (iii) Treas. Reg. § 1.6694-1(e); and (iv) Treas. Reg. § 1.6694-3(h).

16. On January 20, 2021, Plaintiff lobbied a formal complaint with the Treasury Inspector General for Tax Administration ("Inspector General") highlighting an "egregious pattern of abusive practices emanating from" the IRS Examination Division in Pontiac, Michigan. *See* **Exhibit 1**, *Letter dated January 20, 2021*. In the Letter, Plaintiff alleged that: (i) the manager of the IRS's Pontiac office had engaged in improper *ex parte* communications with the IRS Appeals Office located in Chicago; (ii) IRS agents were instructed to disallow tax filers' valid

noncash contributions, despite supporting documentation; and (iii) IRS agents were instructed, in a majority of cases, to issue Section 6663 civil fraud penalties with no supporting indicia present. *Id.* More concerningly, as outlined in the Letter, Plaintiff conveyed the following statements that were made to him by the rank-and-file IRS agents assessing his return preparer penalties, which demonstrated a complete lack of independence in the audit:

> "You will have to get every case being examined out of the Pontiac group, and out of the manager's control in order for your clients to get a fair shake."
>
> "I am highly educated and highly paid to make decisions and my manager is not allowing me to do so and use my judgment in these cases."
>
> "I fully realize this audit report most likely will be overturned in appeals and that my arguments are weak at best."

17. The burden is on the IRS to show that Plaintiff "disregard(ed), in attempt wrongfully to reduce the tax liability of the taxpayer, information furnished by the taxpayer or other person." *See* Treas. Reg. § 1.6694-3(b).

18. Plaintiff did not willfully attempt to understate his clients' taxes.

19. The IRS cannot show one specific example – yet alone 45 specific examples – where Plaintiff intentionally disregarded information provided by his clients, leading to deceptive returns.

20. Likewise, the IRS cannot show that Plaintiff recklessly or intentionally disregarded a rule or regulation when processing one of his clients' tax returns.

21. During his four decades of practice, Plaintiff has never been assessed a penalty for violations of the tax code. In addition, some employees have worked with Plaintiff since 1983, and none of them has ever asserted that Plaintiff fabricated or inflated deductions, or that he did anything that lacked integrity or would support a Section 6694(b) penalty.

22. Preparer penalties require timely written IRS supervisory approval prior to assessment. Failure to obtain timely approval renders penalties invalid and subject to abatement

23. On or about March 31, 2025, Plaintiff received two Notices of Penalty Charge from the IRS in the amount of $80,000 and $125,000 (the "Penalties"), notifying him that he had been charged with a penalty under Section 6694(b) of the IRS Code for understatement of a taxpayer's liabilities due to alleged willful or reckless conduct of the tax return preparer. *See* **Exhibit 2**.

24. On April 30, 2025, Plaintiff submitted a Claim for Refund of Tax Return Preparer and Promoter Penalties Form 6118 ("Refund Requests") to the IRS along with concurrently paying 15% of the total penalty owed. Plaintiff is seeking full abatement of the Penalties and a refund of any amounts paid. *See* **Exhibit 3**, *Refund Requests*; **Exhibit 4**, *Payment Confirmations*.

25. To date, Plaintiff has not received the refund he requested and he has yet to hear a response from the IRS, thus necessitating this lawsuit.

## COUNT I
### (*Claim for Refund and Penalty Abatement*)

26. Plaintiff incorporates by reference each preceding paragraph as if fully restated herein.

27. A special procedure allows a Section 6694 tax return preparer to contest an understatement penalty. More than six months have elapsed without IRS action, and this suit is ripe.

28. If the IRS assesses an understatement penalty, it must send a notice and demand for payment of the penalty separate from any notice of tax deficiency. *See* **Exhibit 2**.

29. The preparer then has a choice, either to follow the regular contest procedures (i.e., pay the full amount and file a claim for refund within three years) or to follow a special procedure. Under the special procedure, the Section 6694 preparer must pay at least 15% of the total amount assessed for each return or claim for refund, and file a claim for refund of this amount within 30 days after the date of the IRS notice and demand. *See* IRS Code Section 1.6694-4(a)(4)(ii).

30. On March 31, 2025, Plaintiff received two Notices of Penalties from the IRS. On April 30, 2025, acting within the 30-day window prescribed by Section 6694, Plaintiff paid 15% of the tax owed and submitted Refund Requests. *See* **Exhibit 3**, *Refund Requests*; **Exhibit 4**, *Payment Confirmations*.

31. Since submitting his Refund Request, neither Plaintiff nor his counsel have had any correspondence with the IRS regarding the Status of Plaintiff's Refund Requests.

32. The Section 6694(b) penalties were erroneously and illegally assessed because Plaintiff did not willfully attempt to understate tax liabilities and did not recklessly or intentionally disregard rules or regulations. The government cannot establish forty-five instances of willful or reckless conduct by Plaintiff.

33. Plaintiff is entitled to abatement of the penalties, refund of amounts paid, statutory interest from the date of payment, and a stay of collection of any unpaid balance pending final resolution.

## COUNT II
### (*Lack of Written Supervisory Approval*)

34. Plaintiff realleges and incorporates the foregoing paragraphs.

35. Pursuant to 26 U.S.C. § 6751(b)(1), the initial determination of the Section 6694(b) penalties required timely written approval by the immediate supervisor prior to assessment.

36. Plaintiff has not received evidence of such approval.

37. Absent timely written supervisory approval, the Section 6694(b) penalties alleged against Plaintiff are invalid and must be abated.

38. If the IRS cannot demonstrate timely approval, the penalties are invalid as a matter of law and must be abated and refunded.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and:

a. Abate in full the § 6694(b) preparer penalties assessed against Plaintiff;

b. Order the United States to refund to Plaintiff all amounts paid in connection with the penalties, together with statutory interest from the date of each payment;

c. Award Plaintiff his costs of suit and reasonable attorneys' fees to the extent authorized where the Government's position was not substantially justified;

d. Declare that collection of any unpaid balance of the assessed penalties remains stayed pending final resolution under the special preparer penalty contest procedure; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: November 26, 2025        By: /s/ Eric M. Nemeth
                                   Eric M. Nemeth (P42925)
                                   William L. Thompson (P80123)
                                   Kathryn Ahlbrand (P83828)
                                   *Attorneys for Plaintiff*
                                   Varnum LLP
                                   480 Pierce St., Ste. 300
                                   Birmingham, MI 48009
                                   Phone: (313) 481-7330
                                   Email: emnemeth@varnumlaw.com
                                          wlthompson@varnumlaw.com
                                          klahlbrand@varnumlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| PAUL GOLDMAN, | |
| Plaintiff, | Case No. 2:25-cv-13813 |
| v. | Hon. _____ |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## **<u>JURY DEMAND</u>**

Now comes Paul Goldman, CPA ("Plaintiff"), by and through his counsel, Varnum LLP, and hereby demands a trial by jury for all matters subject to the Complaint.

Respectfully submitted,

Date: November 26, 2025

By:   */s/ Eric M. Nemeth*
Eric M. Nemeth (P42925)
William L. Thompson (P80123)
Kathryn Ahlbrand (P83828)
*Attorneys for Plaintiff*
Varnum LLP
480 Pierce St., Ste. 300
Birmingham, MI 48009
Phone: (313) 481-7330
Email: emnemeth@varnumlaw.com
    wlthompson@varnumlaw.com
    klahlbrand@varnumlaw.com